IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01703-PAB-MEH

JERRY TOWNSEL,

    Plaintiff,

v.

DEBORAH BUTLER and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendants.

---

### ORDER ON PLAINTIFF'S MOTION TO COMPEL
### AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant American Family Mutual Insurance Company's Motion for Protective Order [filed February 5, 2009; docket #13] and Plaintiff's Motion to Compel and Request for Attorney Fees Pursuant to F.R.C.P. 37 [filed February 18, 2009; docket #18]. These matters are briefed and referred to this Court for resolution [docket #14, 19]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel, and **grants in part** and **denies in part** the Motion for Protective Order.

**I.**     **Background**

This case arises from two motor vehicle accidents involving Plaintiff, occurring on January 8, 2005, and February 11, 2005. (Docket #1-2 at 2.) At the time of both accidents, Plaintiff was insured by Defendant American Family Mutual Insurance Company ("American Family"). Plaintiff presents two claims against American Family: (1) American Family breached its insurance contract by not paying medical expenses resulting from the two accidents, and (2) by not paying the

expenses, American Family "violated the covenant of good faith and fair dealing."[1] (*Id*. at 3.) Plaintiff also asserts two claims against Defendant Butler based on negligence and negligence per se, for allegedly causing the February 11, 2005 accident. (*Id*. at 2-3.)

At the Scheduling Conference held on October 28, 2008, the Court set a telephonic status conference for November 7, 2008, to discuss the payments made by American Family to Plaintiff in regards to the medical claims arising from the two accidents as described in Plaintiff's Complaint. (*See* docket #10.) At the November 7 conference, the Court discussed finalizing the questions regarding monies American Family paid out to Plaintiff and where such monies went, before convening a settlement conference in this matter. Counsel for Plaintiff stated on the record that he and counsel for Defendant Butler wanted information regarding "what bills they [American Family] paid, how they paid them, and where the money went." (Discussion on the record, Nov. 7, 2008.) The Court then suggested a Rule 30(b)(6) deposition of Defendant American Family. All counsel verbally indicated their agreement, and counsel for Plaintiff said he would issue notice of a "more inclusive 30(b)(6)" in order to "get it done." (*Id.*)

Defendant American Family filed the present Motion for Protective Order after a series of communications regarding the time and scope of its Rule 30(b)(6) deposition. On November 24, 2008, Plaintiff sent a letter to Defendants regarding available dates for taking American Family's deposition and listing thirty-two "general areas of inquiry." (Docket #13-2.) Over the following two months, Plaintiff's and Defendants' counsel corresponded regarding setting an agreeable date and time for the deposition, as well as the proper scope of such deposition. American Family contends the November 7 discussion articulated limited grounds to cover in deposition, whereas Plaintiff believes the November 7 discussion established that "discovery was allowed on all issues."

---

[1] Plaintiff initiated this action in state court on July 26, 2007. Defendant Butler removed the case to this Court on August 11, 2008. (*See* docket #1.)

(Docket #17 at 3.) American Family further asserts that even if the proposed areas of inquiry are appropriate in light of the November 7 conference, the scope of the deposition as proposed exceeds the permissible scope of discovery in this matter. (Docket #13 at 5-8.)

In its motion, American Family specifically contests fifteen of the thirty-two areas of inquiry noted by Plaintiff, namely paragraphs 1-2, 7, 9, 10-19, and 31. (Docket #13 at 8.) In response, Plaintiff asserts that the disputed areas of inquiry are relevant not only to Plaintiff's claims of breach of contract and bad faith, but also apply to the fourteen affirmative defenses raised by American Family. (Docket #17 at 4-5.) Plaintiff filed a Motion to Compel arguing essentially the same and requesting an order compelling American Family to attend the deposition and respond to all areas of inquiry. (*See* docket #18.) At the same time, both Plaintiff and American Family acknowledge Defendant Butler's statements that counsel for Defendant Butler did not intend to depose American Family beyond the scope proposed by Plaintiff. (Docket #13 at 3; docket #17 at 5.) Plaintiff suggests that granting a protective order at this time would impose a hardship on both Plaintiff and Defendant Butler, in that Plaintiff believes they would ultimately have to depose American Family twice. (Docket #17 at 5.)

**II.    Discussion**

    A.    <u>Standard of Review</u>

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery

does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

B.      Analysis

As described above, during several conferences with the Court, the Court perceived that the parties disputed how much had been paid by American Family under the med pay provisions of the insurance contract. The Court suggested that before the Court could hold a productive settlement conference, this dispute might be resolved by a Rule 30(b)(6) deposition concerning all medical benefits paid on behalf of Mr. Townsel. The parties agreed. As argued by Plaintiff, the Court did not, by this statement, limit the scope of any particular deposition; the suggestion was inclusive, not exclusive, of all potential topics for such a deposition. Therefore, to the extent American Family argues in any way that the Court directed that a Rule 30(b)(6) deposition be conducted concerning payments by American Family, and only on that topic, the argument is mistaken, although not made in bad faith.

American Family makes specific objections in its moving papers to topic paragraphs 1, 2,

7, 9-19, and 31. In his response, Plaintiff does not address these objections. Plaintiff does, however, address them in his Motion to Compel. The Court finds that ¶¶ 1-2 (promotional materials of American Family) are not relevant to the claims in this case; ¶ 7 seeks evidence that American Family has fulfilled its contractual obligation to Plaintiff, which either seeks a legal opinion or is redundant of the areas of inquiry involving how much American Family has paid; ¶ 9 (American Family's interactions with Ms. Butler's insurance carrier) is relevant to determine what has been paid by American Family and what it seeks in return in its subrogation case; ¶¶ 10-13, which seek American Family's knowledge of Plaintiff's claim against Defendant Butler, appear irrelevant to the case because American Family, by its own admission at the hearing before the Court, contractually pays Plaintiff's reasonable medical expenses regardless of fault; ¶¶ 14-19 appear to the Court to request legal opinions (concerning the efficacy of some of American Family's affirmative defenses); and the Court finds ¶ 31 overbroad and irrelevant.

Finally, the Court notes that although American Family addressed each of its objections to the Rule 30(b)(6) request in its Motion for Protective Order, it did not do so, nor incorporate its arguments, in connection with Plaintiff's Motion to Compel; in fact, it did not respond to the Motion to Compel whatsoever. The better practice is to respond to motions no matter what the record already contains. Further, the Court does not believe that an allocation of attorney's fees is warranted here.

**IV. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel [filed February 18, 2009; docket #18] is **granted in part and denied in part**, and Defendant's Motion for Protective Order [filed February 5, 2009; docket #13] is **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 13th day of March, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge